UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| NYIESHA MALONE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO:   4:20-CV-0250- |
| UNITED COLLECTIONS RECOVERY, LLC., | ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Nyiesha Malone, hereinafter "Ms. Malone", by counsel, pursuant to Fed. R. Civ. P. 3, and files her Complaint against Defendant, United Collections Recovery, LLC., and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983 and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, New Albany Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is

proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Malone, is a female citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII and a qualified employee as defined in 29 C.F.R. 825.800 (FMLA).

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII and a covered employer as the term is defined in 29 C.F.R. 825.104 (FMLA).

6. Defendant is a foreign limited liability company doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about June 23, 2020, Ms. Malone filed timely charges of Disability Discrimination in violation of the ADA, against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-02491.

8. On or about September 15, 2020, Ms. Malone received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-02491, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. Ms. Malone began her employment with Defendant in August of 2018.

11. Throughout her employment, Ms. Malone met or exceeded Defendant's legitimate expectations of performance.

12. In 2019, Ms. Malone became pregnant.

13. Ms. Malone scheduled to take time off through FMLA beginning near her due date in November and ending in January of 2020.

14. In October of 2019, Ms. Malone blacked out and suffered from a seizure.

15. This prompted Ms. Malone to request that her time off through FMLA begin early.

16. Ms. Malone submitted her request to begin her FMLA leave.

17. In late October of 2019, Ms. Malone found out that her leave was granted.

18. Ms. Malone asked her supervisor if there was anything that she needed to do while she was out on leave.

19. Ms. Malone was told that she did not need to do anything while she was out.

20. Ms. Malone had her baby in November, and after spending some time at home caring for her, she decided that she was ready to come back to work a bit early.

21. In January of 2020, Ms. Malone relayed to Defendant that she was coming back a little early from her leave.

22. Before she was allowed to come back to work, Ms. Malone spoke with an employee of Defendant's who informed her that she was terminated in November for failing to call each day that she was out on FMLA leave.

23. Ms. Malone was informed that her termination date was November 4, 2019.

24. Defendant discriminated against Ms. Malone due to her disability of pregnancy.

25. Defendant failed to accommodate Ms. Malone's disability and terminated her as a result.

26. Defendant terminated Ms. Malone in retaliation for exercising her rights under the FMLA.

27. Defendant failed to properly reinstate Ms. Malone to her position as required by the FMLA

28. Defendant terminated Ms. Malone due to the use of FMLA.

29. Defendant retaliated against Ms. Malone for seeking and using her benefits under the FMLA.

30. Defendant discriminated against Ms. Malone due to her sex as a female.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Malone, for her first claim for relief against Defendant, states as follows:

31. Ms. Malone hereby incorporates by reference paragraphs 1 through 29 as though previously set out herein.

32. At all times relevant to this action, Ms. Malone was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

33. The conduct as described hereinabove constitutes discrimination based on Ms. Malone's disability.

34. The Defendant willfully and intentionally failed to accommodate Ms. Malone's disability.

35. Defendant intentionally and willfully discriminated against Ms. Malone because she is disabled and/or because Ms. Malone has a record of being disabled and/or because Defendant regarded Ms. Malone as disabled. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

36. Defendant's actions were intentional, willful and in reckless disregard of Ms. Malone's rights as protected by the ADA and Title VII.

37. Ms. Malone has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## FAMILY MEDICAL LEAVE ACT

38. Ms. Malone hereby incorporates by reference paragraphs 1 through 36 as though previously set out herein.

39. Defendant's termination of Ms. Malone was in violation of her rights under the FMLA.

40. Defendant intentionally tried to interfere with Ms. Malone's right to FMLA.

41. Defendant failed to give Ms. Malone's proper notices as required under the FMLA.

42. Defendant retaliated against Ms. Malone for her use of benefits under the FMLA.

43. Defendant's actions were intentional, willful, malicious, and done in reckless disregard of Ms. Malone's legal rights under the FMLA.

44. Ms. Malone has suffered economic damages as a result of Defendant's unlawful acts.

45. Ms. Malone has suffered emotional distress damages as a result of Defendant's unlawful acts.

## COUNT III

## DISCRIMINATION ON THE BASIS OF SEX

46. Ms. Malone hereby incorporates by reference paragraphs 1 through 45 as though previously set out herein.

47. Ms. Malone's work environment was hostile towards women.

48. Defendant discriminated against Ms. Malone based on her sex as a woman and her pregnancy.

49. Ms. Malone has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Ms. Malone, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Malone her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages;

f. Pay for lost future wages;

  g. Pay to Ms. Malone all costs and attorney's fees incurred as a result of bringing this action;

  h. Payment of all pre- and post-judgment interest;

  i. Provide to Ms. Malone all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Ms. Malone, by counsel, respectfully requests a jury trial for all issues deemed so triable.

         Respectfully submitted:

         /s/ *Tiffany R. Guthrie*
         Tiffany R. Guthrie 35878-49
         Darron S. Stewart #21114-29
         STEWART & STEWART ATTORNEYS
         931 S. Rangeline Rd.
         Carmel IN 46032
         (317) 846-8999
         Fax: (317) 843-1991
         Tiffany@getstewart.com
         Attorneys for Plaintiff, Nyiesha Malone